UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

JIMMIE GILMORE,

Defendant.

19 Cr. 724 (JGK)

MEMORANDUM OPINION AND
ORDER

---

JOHN G. KOELTL, District Judge:

The defendant, Jimmie Gilmore, is charged with committing two gunpoint robberies of cab drivers in the Bronx during the early morning of July 26, 2019 (the "Charged Robberies"). The Government has moved in limine to exclude evidence that an individual other than Mr. Gilmore ("Individual-1") committed another, somewhat similar robbery on July 20, 2019 (the "Uncharged Robbery").

The Uncharged Robbery was initially investigated in conjunction with four other gunpoint robberies of cab drivers that occurred within days of each other in the Bronx, including the Charged Robberies. Indeed, in an application for a search warrant in connection with this case, a law enforcement officer described all of these robberies as forming a "pattern," and listed the factual circumstances that were common to all the robberies: namely, the robber would hail a livery cab on the street or through a dispatch base; the robber would display a gun during the cab ride; and the robber would demand money and

1

other valuables from the cab driver, sometimes driving off with the cab itself. Additionally, all the robberies occurred in the "same general area" in the Bronx. ECF No. 104, at 1 & n.1. Individual-1's DNA has been linked to the Uncharged Robbery, and Individual-1 has been charged with drug and firearm offenses in a different case. The Government has stated that it does not intend to reference the Uncharged Robbery at Mr. Gilmore's trial.

The Government seeks to exclude evidence of the Uncharged Robbery under Federal Rules of Evidence 401, 403, and 404(b). The Government argues principally that, because Mr. Gilmore is not charged with the Uncharged Robbery, evidence about who committed the Uncharged Robbery is irrelevant to this case. The Government further argues that any probative value of evidence concerning the Uncharged Robbery is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and undue delay. The Government also argues that the only reason Mr. Gilmore seeks to introduce evidence linking Individual-1 to the Uncharged Robbery is to invite the jury to draw an improper propensity inference: namely, that because Mr. Gilmore did not commit the Uncharged Robbery, he is less likely to have committed the Charged Robberies.

Mr. Gilmore responds that evidence of the Uncharged Robbery constitutes admissible alternative perpetrator evidence. Mr.

Gilmore argues that the same person likely committed all of the robberies that were initially investigated as a "pattern;" therefore, evidence linking Individual-1 to the Uncharged Robbery tends to establish that Individual-1, not Mr. Gilmore, committed the Charged Robberies. Mr. Gilmore argues that he is entitled to offer this evidence of third-party culpability under the Federal Rules of Evidence and pursuant to his constitutional right to present a complete defense. Finally, Mr. Gilmore asks the Court to order the Government to produce any evidence linking any other individual to the pattern of robberies that occurred between July 20, 2019 and August 1, 2019, pursuant to the Government's discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The standard for relevance is a low one. See, e.g., United States v. Litvak, 808 F.3d 160, 179-80 (2d Cir. 2015). Evidence linking Individual-1 to the Uncharged Robbery tends to make it more likely that Individual-1 committed the Charged Robberies, given the factual similarities between the robberies. The identity of the perpetrator of the Charged Robberies is plainly critical in

determining this action. Therefore, the evidence at issue is relevant.

"A defendant's right to present relevant evidence is not, however, unlimited; rather it is subject to 'reasonable restrictions.'" Wade v. Mantello, 333 F.3d 51, 58 (2d Cir. 2003) (quoting United States v. Scheffer, 523 U.S. 303, 308 (1998)). One such "reasonable restriction" is embodied in Federal Rule of Evidence 403, which provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." But when it comes to the presentation of exculpatory evidence by a criminal defendant, the Constitution requires the admission of certain evidence. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)). Accordingly, evidence of third-party culpability "must be admitted when, under the 'facts and circumstances' of the individual case, its exclusion [would deprive] the defendant of

4

a fair trial." Mantello, 333 F.3d at 58 (quoting Chambers v.
Mississippi, 410 U.S. 284, 303 (1973)).

Whether excluding alternative perpetrator evidence would
deprive a defendant of a fair trial depends on the strength of
the nexus between the charged crime and the third party whom the
defendant seeks to implicate. Where the nexus between the
charged crime and the third party is strong, the defendant's
right to present a complete defense entitles the defendant to
present evidence of that nexus to the jury; where the nexus is
weak, any probative value of the alternative perpetrator
evidence may be substantially outweighed by the risk of
prejudice and confusion of the issues. As the Tenth Circuit
Court of Appeals stated in United States v. McVeigh:

> In the course of weighing probative value and adverse
> dangers, courts must be sensitive to the special
> problems presented by "alternative perpetrator"
> evidence. Although there is no doubt that a defendant
> has a right to attempt to establish his innocence by
> showing that someone else did the crime, a defendant
> still must show that his proffered evidence on the
> alleged alternative perpetrator is sufficient, on its
> own or in combination with other evidence in the record,
> to show a nexus between the crime charged and the
> asserted "alternative perpetrator." It is not sufficient
> for a defendant merely to offer up unsupported
> speculation that another person may have done the crime.
> Such speculative blaming intensifies the grave risk of
> jury confusion, and it invites the jury to render its
> findings based on emotion or prejudice.

153 F.3d 1166, 1191 (10th Cir. 1998) (internal citation
omitted). The Second Circuit Court of Appeals has adopted

this approach. See Mantello, 333 F.3d at 61–62; United
States v. Hendricks, 921 F.3d 320, 331 (2d Cir. 2019);
United States v. Wade, 512 F. App'x 11, 13–14 (2d Cir.
2013). The Government relies on these Second Circuit
decisions in support of its argument that evidence of the
Uncharged Robbery should be excluded, but all three cases
are distinguishable.

In Mantello, the defendant petitioned for a writ of habeas
corpus on the grounds that the state trial court's exclusion of
alternative perpetrator testimony—which was affirmed by the
Appellate Division of the New York State Supreme Court—violated
the defendant's right to present a complete defense. The Second
Circuit Court of Appeals conducted a "deferential" review of the
Appellate Division's decision pursuant to the Antiterrorism and
Effective Death Penalty Act, asking only whether the Appellate
Division's decision "was contrary to, or involved an
unreasonable application of," clearly established federal law as
determined by the Supreme Court. Mantello, 333 F.3d at 57–59
(quoting 28 U.S.C. § 2254(d)(1)).

At the trial court, the defendant in Mantello sought to
argue that a third party had a motive to kill the victim and
that the third party's gang had intimidated a key prosecution
witness into falsely implicating the defendant. See id. at 54.
But after defense counsel was allowed to question the witness

6

concerning the victim's "gang membership and problems with gang
members, the court ruled that, absent a satisfactory offer of
proof, it would not permit further testimony regarding [the
victim's] gang associations because such evidence was
'speculative and irrelevant.'" Id. at 60 (quoting the trial
court transcript). The trial court determined that, unless the
defense could offer evidence "connecting someone else with the
commission of [the charged] crime," further testimony along
these lines "was largely irrelevant and that any marginal
relevance was outweighed by dangers of juror prejudice and
confusion." Id. at 54, 60 (quoting the trial court transcript).

The Court of Appeals for the Second Circuit concluded that
the trial court's exclusion of the alternative perpetrator
evidence was not arbitrary, but rather involved an application
of "conventional evidentiary principles"—namely, the evidence's
limited relevance, the lack of a nexus between the charged crime
and any third party, and the concerns also expressed in Rule 403
such as prejudice and confusion. See id. at 60-62, 62 n.9. The
court of appeals also concluded that the defendant's theory of
third-party culpability lacked a "sufficient factual predicate,"
and that it rested on "a brittle chain on inferences" because
the fact that "a third party may have borne animus towards the
victim, standing alone, does little to establish that the third
party committed the crime." Id. at 60-61. However, ultimately

7

the majority of the court of appeals held only that the Appellate Division's affirmance was not an unreasonable application of clearly established federal law.

In Hendricks, the court of appeals held that the district court did not err by excluding a photograph of a third party whom the defendant sought to implicate in the charged robbery. The defendant argued that there was a sufficient foundation for the photograph because: a government witness who participated in the charged robbery testified that he was close friends with the third party; an eye-witness described "two kids" running away from the robbery (the defendant was 55 years old at the time of the robbery); records showed phone calls between the government witness and the third party before and after the robbery; and the government witness testified that he went shopping with the third party after the robbery. See 921 F.3d at 331. The court held that this evidence did not show the "required nexus" between the third party and the robbery: the evidence may have suggested that the third party knew about the robbery, but it did not place the third party near the crime scene or suggest that he was otherwise involved. See id.

In United States v. Wade, the court of appeals held that the district court properly excluded testimony regarding a third party's drug arrest, which the defendant sought to introduce as alternative perpetrator evidence. See 512 F. App'x at 13-14.

While the third party had sold drugs out of the same apartment
building where the drugs and weapon charged to the defendant
were found, the third party's arrest came over six months after
the defendant's arrest. Id. Further, the third party had sold
drugs from a downstairs mailbox, while the defendant was charged
with possessing drugs and a firearm that were found in an
upstairs apartment that the defendant had recently left. Id. The
court of appeals therefore concluded that the third party's
arrest was not "temporally or physically linked" to the charged
crime and that the testimony "presented a risk of juror
confusion and extended litigation of a collateral matter." Id.
at 14 (citing Rule 403, and Mantello, 333 F.3d at 60). Moreover,
the court stated that the exclusion of the testimony did not
prejudice the defendant because he "remained able to present
equally useful evidence supporting his theory" of third-party
culpability, including through examination of the person from
whose apartment the drugs and firearm at issue were seized. Id.

In this case, the nexus between the crimes charged and the
alternative perpetrator is far stronger than the nexus in each
of the foregoing cases. In an application for a search warrant
in connection with this case, a law enforcement officer stated
that the Charged Robberies and the Uncharged Robbery were part
of a "pattern of gunpoint robberies of livery cab drivers," and
noted the similarities among all the robberies that occurred

9

between July 20, 2019 and August 1, 2019. ECF No. 104, at 1 &
n.1. Mr. Gilmore seeks to introduce DNA evidence linking
Individual-1 to the Uncharged Robbery. Thus the theory linking
Individual-1 to the Charged Robberies does not rely on
unsupported speculation or a "brittle chain of inferences." Cf.
Mantello, 333 F.3d at 61. Moreover, in contrast to United States
v. Wade, there is no indication that Mr. Gilmore has "equally
useful" evidence of third-party culpability; the Government
seeks to exclude Mr. Gilmore's best—and perhaps his only—
alternative perpetrator evidence. See 512 F. App'x at 14; see
also United States v. Johnson, 529 F.3d 493, 500 (2d Cir. 2008)
(citation omitted) ("Probative value is also informed by the
availability of alternative means to present similar
evidence."). Finally, the Uncharged Robbery is closely linked—
temporally and physically—to the Charged Robberies: the Charged
Robberies occurred less than a week after the Uncharged Robbery,
and one of the Charged Robberies allegedly occurred just two
blocks away from the Uncharged Robbery. Accordingly, there is a
sufficient factual nexus linking Individual-1 to the Charged
Robberies such that, under the facts and circumstances of this
case, excluding Mr. Gilmore's evidence of third-party
culpability would deprive him of a fair trial.

As explained above, the probative value of Mr. Gilmore's
alternative perpetrator evidence is substantial. The proposed

evidence is limited and its purpose is clear. Its relevance is therefore not substantially outweighed by the dangers of unfair prejudice, jury confusion, and waste of time set out in Rule 403.

The Government also argues that the only reason Mr. Gilmore seeks to introduce evidence about the Uncharged Robbery is to invite the jury to draw an improper propensity inference in violation of Federal Rule of Evidence 404(b): namely, that Mr. Gilmore is less likely to have committed the Charged Robberies because he did not commit the Uncharged Robbery. But this argument misstates the purpose for which the evidence is being offered. Mr. Gilmore seeks to argue that Individual-1, not Mr. Gilmore, committed the robberies that were investigated as part of a pattern, including the Charged Robberies. Because Mr. Gilmore does not seek to offer evidence of the Uncharged Robbery as a form of character evidence, the Government's Rule 404(b) argument fails.

The Government is correct, however, to note that "[t]he agent's state of mind as the investigation progressed is ordinarily of little or no relevance to the question of the defendant guilt." ECF No. 105, at 2 (quoting Johnson, 529 F.3d at 501); see also United States v. Ulbricht, 858 F.3d 71, 118 (2d Cir. 2017), abrogated on other issues, Carpenter v. United States, 138 S. Ct. 2206 (2018). In Ulbricht, the court of

11

appeals affirmed the district court's exclusion of an
investigator's testimony that, early in the investigation, he
believed that a criminal alias was used by someone other than
the defendant. The court of appeals concluded that the agent's
"prior beliefs" about a third party being a suspect were not
relevant to the charges against the defendant. Id. at 119. The
court also emphasized that defense counsel had been permitted to
elicit factual testimony about the earlier investigation into
the same third party, and that defense counsel had discussed the
investigation about the third party on summation without
objection. "What was relevant at trial was any actual evidence
pointing to [the third party] as the true [owner of the criminal
alias]." Id.

     The same is true here. The relevant alternative perpetrator
evidence is evidence linking an individual other than Mr.
Gilmore to the pattern of taxi robberies, and the factual
evidence tending to show that all the robberies were committed
by the same person. That a law enforcement officer believed, at
one time, that all the robberies were committed by the same
person does not make it more likely that the same person
actually committed all the robberies. Rather, it is the evidence
upon which that belief was based—the facts that established a
pattern among the robberies—that is probative: namely, the
robber would hail a livery cab on the street or through a

12

dispatch base; the robber would display a gun during the cab ride; the robber would demand money and other valuables from the cab driver, sometimes driving off with the cab itself; and, perhaps most importantly, the temporal and geographic proximity among all the robberies.

The officer's subjective prior belief that the same person committed all the robberies is also unfairly prejudicial and interferes with the province of the jury. It is for the jury to determine from the evidence whether all the robberies were committed by a single perpetrator and whether that supports a conclusion that the Charged Robberies were committed by a perpetrator other than the defendant. The officer's belief would carry the imprimatur of law enforcement and—potentially—of the judicial officer who signed the warrant that Mr. Gilmore refers to. Therefore, there is a substantial risk that the jury will assign the officer's subjective belief undue weight for improper reasons.

Defense counsel can argue directly to the jury what conclusions should be drawn from the evidence concerning the Uncharged Robbery. Accordingly, law enforcement's prior belief that the Charged Robberies and uncharged robberies were committed by the same person is excluded pursuant to Rule 403, because any slight probative value is substantially outweighed by the risk of unfair prejudice and jury confusion.

13

Mr. Gilmore cites United States v. Stevens, 935 F.2d 1380, 1383, 1405 (3d Cir. 1991), where the court reversed a conviction based on the erroneous exclusion of alternative perpetrator evidence, including evidence of the investigating officers' prior belief that two crimes, one of which was committed by a third party, were related. Ulbricht is more analogous to this case, however, because the district court in Stevens had excluded all of the defendant's alternative perpetrator evidence, including evidence of the underlying factual similarities between the two crimes. These factual similarities—not just the investigators' subjective belief that the crimes were related—persuaded the court of appeals in Stevens that the defendant should have been allowed to introduce alternative perpetrator evidence. See id. at 1401, 1405–06. Because the district court in Ulbricht had, by contrast, excluded only the prior belief of the investigator, and not the underlying facts of the officer's investigation, Ulbricht is directly on point and is controlling. See Ulbricht, 858 F.3d at 119.

Finally, Mr. Gilmore argues that he is entitled to discovery of any information linking any other individual to the pattern of gunpoint robberies that occurred between July 20, 2019 and August 1, 2019. The Government argues that "[t]he fact that the Charged Robberies and Uncharged Robberies were investigated together—or the subjective state of mind of the

14

investigators—has no independent significance." ECF No. 105, at 2. But the Charged Robberies and the three uncharged robberies were investigated together because of factual similarities between all the robberies, and those factual similarities are significant because they tend to establish that the same person committed all the robberies, including the two with which Mr. Gilmore is charged. Accordingly, any evidence linking an individual other than Mr. Gilmore to the pattern of gunpoint robberies that occurred between July 20, 2019 and August 1, 2019 is exculpatory. Therefore, Mr. Gilmore is entitled to such evidence under Brady. See Boyette v. Lefevre, 246 F.3d 76, 91 (2d Cir. 2001) (evidence that "could have helped the defense suggest an alternative perpetrator" was Brady material).

## CONCLUSION

Because there is a sufficient nexus linking Individual-1 to the Charged Robberies, the Government's motion in limine to exclude all evidence of the Uncharged Robbery is **denied**. However, Mr. Gilmore will be precluded from introducing evidence of law enforcement's subjective belief that all the robberies that were investigated as part of a pattern were committed by the same person.

Moreover, because any evidence linking an individual other than Mr. Gilmore to the pattern of robberies that occurred

between July 20, 2019 and August 1, 2019 is exculpatory, Mr.

Gilmore's request for discovery of such evidence is **granted**.

The Clerk is directed to close Docket Nos. 100 and 104.

**SO ORDERED.**

Dated:      New York, New York
            September 13, 2021

                                          John G. Koeltl
                                  United States District Judge